IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-10-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY ALEXANDER DEVINE, | ) | |
| | ) | |
| Defendant. | ) | |

On June 18, 2007, Timothy Alexander Devine pleaded guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. When 18 U.S.C. § 924(e) applies (as it does here), the statutory minimum for this offense is fifteen years and the statutory maximum is life imprisonment. The U.S. Probation Office prepared a Presentence Investigation Report ("PSR"), to which Devine made three objections. On September 26, 2007, the court held a sentencing hearing. After listening to arguments from counsel for Devine and the government, the court overruled defendant's objections to the PSR and then continued the hearing. In open court and in a written order, the court provided notice pursuant to Federal Rule of Criminal Procedure 32(h) that it was contemplating an upward departure from the advisory guideline sentencing range calculated in the PSR and a variance above the advisory guideline sentencing range. See United States v. Devine, 5:07-CR-10-D-1 (E.D.N.C. Sept. 26, 2007) (order providing notice). The court stated as possible grounds for departure that defendant's criminal history category under-represents the seriousness of defendant's criminal history or the likelihood that defendant will commit other crimes. See U.S. Sentencing Guidelines Manual § 4A1.3(a) [hereinafter "U.S.S.G"].

On October 24, 2007, the court reconvened the sentencing hearing. At the commencement of the hearing, Devine's attorney advised the court that Devine wanted a new lawyer. This court

permitted Devine's counsel to withdraw and continued the hearing. New counsel was appointed. On January 30, 2008, the court reconvened the sentencing hearing. The court has considered all of the evidence presented and all arguments of counsel. The court enters this order to explain Devine's 262 month sentence.

I.

The court has reviewed the PSR and adopts the facts stated in the PSR. See Fed. R. Crim. P. 32(i)(3). On December 4, 2006, a special agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives and a local law enforcement officer obtained information from a confidential informant that Devine was selling narcotics and possessed firearms at a residence in Raleigh, North Carolina. See PSR ¶ 3. Devine is a known leader in the Bloods gang. Id. Law enforcement officials conducted surveillance of the residence, witnessed drug trafficking activity, and recovered garbage from the residence containing drug-packaging materials. Id.

On December 12, 2006, a search of Devine's residence revealed an SKS assault rifle, a loaded .357 caliber handgun, an empty handgun box, and two Seroquel 300 pills. Id. ¶ 4. Officers also located $424 in United States currency and "marijuana cigarette 'roaches' in the kitchen and 1.71 grams of marijuana in Devine's four-year-old daughter's bedroom." Id. During questioning by the Raleigh Police Department, Devine provided an unprotected statement revealing that he had purchased the assault rifle for $10 and the handgun for $100 from "crack heads." Id. ¶ 5. Devine stated that he sells cocaine from his residence and purchases approximately an "eight ball" at a time for resale. Id. An "eight ball" is a slang reference to 1/8th of an ounce of cocaine.

On June 18, 2007, Devine pleaded guilty, without a plea agreement, to a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. See id. ¶¶ 1–2. In the PSR, the probation officer calculated 16 criminal history

2

points, producing a criminal history category VI. Id. ¶¶ 8–20. The PSR identified a base offense level of 24 for a violation of section 922(g) because Devine had two prior scorable felony convictions for either a crime of violence or a controlled substance offense. See U.S.S.G. § 2K2.1(a)(2); PSR ¶ 40. The PSR next concluded that the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), applied and enhanced the offense level to 33 pursuant to U.S.S.G. § 4B1.4(b)(3). See PSR ¶ 46. The ACCA requires a minimum sentence of 180 months if a felon in possession of a firearm has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In support of the ACCA enhancement, the PSR cited three violent felony convictions. See PSR ¶¶ 8, 10, 14. The PSR also found that Devine had accepted responsibility for the instant offense, meriting a three-level reduction. See U.S.S.G. § 3E1.1; PSR ¶ 47. Thus, the PSR calculated a total offense level of 30 that, when coupled with a criminal history category VI, yielded an advisory guideline sentencing range of 168 to 210 months imprisonment. See U.S.S.G. § 5A (sentencing table); PSR ¶ 51. Finally, the PSR factored in the 180-month statutory minimum to find an adjusted advisory guideline sentencing range of 180 to 210 months. See 18 U.S.C. § 924(e)(1); PSR ¶ 51.

II.

The Supreme Court has described the process for imposing a sentence under the now-advisory sentencing guidelines as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based

> on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.... [A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

Gall v. United States, 128 S. Ct. 586, 596–97 (2007) (citations and footnote omitted); see also Kimbrough v. United States, 128 S. Ct. 558, 569–70 (2007) ("[W]hile the statute still requires a court to give respectful consideration to the Guidelines, [United States v.] Booker permits the court to tailor the sentence in light of other statutory concerns as well." (citations and quotation omitted)); Rita v. United States, 127 S. Ct. 2456, 2469 (2007) ("The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the [United States Sentencing] Commission or the appeals court."); Cunningham v. California, 127 S. Ct. 856, 867 (2007); United States v. Pauley, No. 07-4270, __ F.3d __, 2007 WL 4555520, at *4 (4th Cir. Dec. 28, 2007). The court recognizes its duty within this framework to "make an individualized assessment based on the facts presented," Gall, 128 S. Ct. at 597, and to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [the sentencing statute]." 18 U.S.C. § 3553(a); see Kimbrough, 128 S. Ct. at 570; accord United States v. Tucker, 473 F.3d 556, 560–61 (4th Cir. 2007); United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

III.

Under the procedure described in Gall, the court must first calculate the advisory guideline range with respect to defendant. See Gall, 128 S. Ct. at 596–97. As discussed and ruled upon in open court on September 26, 2007, Devine initially made three objections to the PSR. On January 30, 2008, when the court reconvened Devine's sentencing hearing, Devine withdrew his objections

4

to the PSR. Although Devine has withdrawn his objections, the court explains the legal basis for its rulings, as announced in open court on September 26, 2007. Devine's first two objections challenged two prior criminal convictions described in the PSR as larceny from the person and conspiracy to commit robbery with a dangerous weapon. See PSR ¶¶ 10, 14. The PSR states that Devine possessed a firearm in connection with both offenses. See id. Defendant contended that he did not commit the offenses or possess a firearm in connection with either offense. See Addendum to PSR ¶¶ 1–2. The probation office maintains that the information in the PSR accurately portrays court records. Id. The court reviewed the PSR and adopted the facts stated therein. See Fed. R. Crim. P. 32(i)(3). Devine failed to show that the PSR was inaccurate or unreliable. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Accordingly, Devine's first two objections were overruled.

Defendant next objected to the application of the ACCA enhancement under 18 U.S.C. § 924(e). See PSR ¶ 46. Devine contended that his two prior convictions for larceny from the person were not "violent felonies" within the meaning of the ACCA. See id. ¶¶ 8, 10. A defendant is subject to an enhanced sentence under the ACCA if the predicate conviction is a violation of 18 U.S.C. § 922(g)(1) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another. See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4 cmt. n.1. A "violent felony" includes any crime punishable by imprisonment for a term exceeding one year and has as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

North Carolina defines larceny from the person as a felony, without regard to the value of the property in question, punishable by a maximum sentence of 30 months imprisonment. See N.C. Gen. Stat. § 14-72(a)–(b). Under North Carolina law, "larceny" is defined as "the felonious or

criminal taking and carrying away of the personal property of another by force and against the will of the owner and taking and carrying it away with the then present intent on the part of the one who takes it to appropriate it to his own use for all time and to deprive the rightful owner of its use . . . ." State v. Massey, 273 N.C. 721, 726, 161 S.E.2d 103, 107 (1968) (quotation omitted). For larceny to be "from the person," the property stolen must be in the immediate presence of and under the protection or control of the victim at the time the property is taken. See State v. Barnes, 345 N.C. 146, 149, 478 S.E.2d 188, 190 (1996). The crime of larceny from the person is afforded special consideration to protect the person or immediate presence of the victim from invasion. Cf. id.

The Fourth Circuit has examined the offense "larceny from the person" in the context of the career offender sentencing guideline, see U.S.S.G. § 4B1.1, and concluded that it is a "crime of violence." See United States v. Smith, 359 F.3d 662, 665 (4th Cir. 2004). In Smith, the court interpreted the Virginia crime of larceny from the person and noted, "virtually all of our sister circuits have concluded that larceny from the person and similar offenses are crimes of violence." Id. at 665. The court reasoned that larceny from the person "recognizes an enhanced societal concern for conduct that implicates at least a potential for personal assault, conduct that involves the person of the victim and jeopardizes his personal security," and concluded that it was a crime of violence. Id. (quoting Garland v. Commonwealth, 18 Va. App. 706, 710, 446 S.E.2d 628, 630 (1994)).

The court applies a categorical approach when determining whether an underlying conviction is a "violent crime" for purposes of the ACCA. See James v. United States, 127 S. Ct. 1586, 1591–98 (2007); cf. Taylor v. United States, 495 U.S. 575, 599 (1990) ("We conclude that a person has been convicted of burglary for purposes of a section 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or

6

unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."); United States v. Bowden, 975 F.2d 1080, 1084–85 (4th Cir. 1992) (holding that breaking or entering generally under N.C. Gen. Stat. § 14-54 constitutes generic burglary under Taylor and justifies an enhancement of punishment under the ACCA). Despite similar language, the sentencing guidelines state that the definition of "crime of violence" under the career offender sentencing guideline, see U.S.S.G. § 4B1.1, is not the same as the definition of "violent crime" under the ACCA. See id. § 4B1.4 cmt. n.1. However, courts often rely on section 4B1.1 cases when considering armed career criminal status under section 924(e) and vice versa. See United States v. Martin, 215 F.3d 470, 474 n.4 (4th Cir. 2000); United States v. Kirksey, 138 F.3d 120, 124–25 (4th Cir. 1998). Applying the reasoning in Smith, the court concludes that larceny from the person involves the threatened use of physical force against the person of another and is a violent crime for purposes of the ACCA. See United States v. Williams, 223 F. App'x 280, 284 (4th Cir. 2007) (per curiam) (unpublished) (applying reasoning in Smith and concluding that larceny from the person under Virginia law is a violent crime for purposes of the ACCA). Thus, in September 2007, defendant's final objection was overruled.

As defendant conceded at the sentencing hearing on January 30, 2008, defendant has three convictions for violent felonies that occurred on different occasions. See PSR ¶¶ 8, 10, 14. The ACCA enhancement applies to Devine's current offense committed in violation of 18 U.S.C. § 922(g). The court finds that the total offense level is 30. Devine's criminal history category is VI, yielding an advisory guideline sentencing range of 168 to 210 months imprisonment. See U.S.S.G. § 5A (sentencing table). Applying the statutory minimum of 180 months, the adjusted advisory guideline sentencing range is 180 to 210 months. See 18 U.S.C. § 924(e)(1).

IV.

The court next must determine whether a sentence within the advisory guideline sentencing range serves the factors set forth in 18 U.S.C. § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. See, e.g., Gall, 128 S. Ct. at 596–97; Davenport, 445 F.3d at 370. In doing so, the court first looks to whether a departure is appropriate based on the sentencing guidelines or relevant case law. See Davenport, 445 F.3d at 370. The court then considers whether the resulting advisory guideline sentencing range still does not serve the factors set forth in 18 U.S.C. § 3553(a). See id.

A.

Federal Rule of Criminal Procedure 32(h) states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure . . . in the presentence report . . . , the court must give the parties reasonable notice that it is contemplating such a departure." See Fed. R. Crim. P. 32(h); United States v. Blatstein, 482 F.3d 725, 732 (4th Cir. 2007). Either the notice that the court issues or the PSR must specify any ground on which the court is contemplating a departure. See Fed. R. Crim. P. 32(h). On September 26, 2007, this court issued notice pursuant to Rule 32(h) that it was contemplating an upward departure and a variance from the advisory guideline sentencing range calculated in the PSR. The court stated as grounds for possible upward departure that defendant's criminal history category substantially under-represents the seriousness of defendant's criminal history or the likelihood that defendant will commit other crimes.

B.

An upward departure may be warranted when the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. See U.S.S.G. § 4A1.3(a)(1); United States v.

8

Lawrence, 349 F.3d 724, 726–27 (4th Cir. 2003); United States v. Dixon, 318 F.3d 585, 588 (4th Cir. 2003); see also United States v. Hacker, 450 F.3d 808, 811–13 (8th Cir. 2006). The PSR applies a criminal history category VI to Devine, the highest criminal history category. The guidelines, however, provide for upward departures from category VI. See U.S.S.G. § 4A1.3(a)(4)(B). The governing section provides, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." Id.; see United States v. Dalton, 477 F.3d 195, 200 (4th Cir. 2007); United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992).

In this case, Devine committed the predicate offense while on probation for a prior conviction of possession of a firearm by a felon. See PSR ¶¶ 16, 18. For Devine, violating his probation is nothing new. Defendant has seven probation violations and five resulting revocations for positive drug tests, curfew violations, failure to comply with substance abuse treatment programs, arrearage in court indebtedness, and failure to maintain employment. See id. ¶¶ 8–16. Moreover, while incarcerated for conspiracy to commit robbery with a dangerous weapon, defendant sustained nine disciplinary infractions, including unauthorized leave, unauthorized use of phone and mail, unauthorized location, and possession of illegal substances, audio/video devices, contraband, and unauthorized funds. See id. ¶ 14; cf. Lawrence, 349 F.3d at 728 (departure based, inter alia, on repeated probation and parole violations). Defendant is a known leader in the Bloods gang. See PSR ¶ 3.

The background commentary to the guidelines recognizes that "the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur." U.S.S.G. § 4A1.3 cmt. background. "This may be particularly true in the case of younger defendants (e.g., defendants in their early twenties or younger) who are more likely to have received repeated

lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants." Id. While a young man, Devine has received repeated lenient sentences for his felonious conduct. For example, at age 18, Devine received 6 to 8 months custody for committing larceny from the person. See PSR ¶ 8. The PSR indicates that Devine robbed a man using a sawed-off shotgun and was originally charged with armed robbery with a dangerous weapon. The prosecutor dropped an additional charge for possessing a weapon of mass destruction. See id. At age 19, Devine received 8 to 10 months imprisonment for committing larceny from the person. See id. ¶ 10. Devine and two other individuals robbed a man at gun point. Defendant was initially charged with armed robbery with a dangerous weapon. Id. The PSR includes numerous other examples of lenient treatment for felonious conduct. See PSR ¶¶ 11-13, 16.

An upward departure based on a combination of the above-stated facts — namely, past convictions for serious and violent offenses, numerous probation violations and disciplinary infractions, gang involvement, and receipt of repeated lenient treatment for prior felonious conduct — is supported by case law. See, e.g., United States v. Denkler, 232 F. App'x 336, 340–41 (4th Cir. 2007) (per curiam) (unpublished) (affirming criminal history category departure where defendant received lenient sentences in the past and committed the instant offense while on probation); United States v. Locklear, 182 F. App'x 277, 278–79 (4th Cir. 2006) (per curiam) (unpublished) (affirming offense level departure where defendant's lengthy record indicated a risk of violence and substance abuse issues); United States v. Louthian, 182 F. App'x 154, 155–56 (4th Cir. 2006) (per curiam) (unpublished) (affirming upward departure based on defendant's prior convictions and nature of those crimes); United States v. Hawkins, 149 F. App'x 184, 186–87 (4th Cir. 2005) (per curiam) (unpublished) (affirming three-level offense level departure); accord United States v. Rouilland, 474 F.3d 551, 556 (8th Cir. 2007) (affirming four-level offense level departure where defendant had

10

multiple probation violations and participated in gang activity); United States v. Alvarado-Herrera, No. 01-21073, 2002 WL 31730154, at *2, *4 (5th Cir. Nov. 18, 2002) (per curiam) (unpublished) (affirming three-level offense level departure where defendant showed high likelihood of recidivism based on young age and escalation in the seriousness of offenses committed).

In Cash, the Fourth Circuit outlined the methodologies a district court should use in determining the extent of a departure after it has concluded that the defendant's criminal history category is inadequate. Cash, 983 F.2d at 561–62. First, a district court may exercise its discretion under section 5K2.0 of the guidelines not to depart. Id. at 561. Second, the court may "move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." Id. at 561; see Dalton, 477 F.3d at 200; United States v. Harrison, 58 F.3d 115, 118 (4th Cir. 1995); United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). Third, once the district court has determined that a departure under section 4A1.3 is warranted and the defendant's prior criminal conduct is sufficiently serious to conclude that he should be treated as a career offender, the district court may depart upward directly, without making level-by-level findings, to the guideline sentencing range applicable to career offenders similar to the defendant. See Cash, 983 F.2d at 562.

Devine stands before the court at 27 years of age and already has a lengthy and very troubling criminal record. Defendant has been convicted of seven felony offenses, in addition to numerous other criminal offenses. Several of defendant's convictions are classified as violent crimes under the ACCA and involve the use of illegally-possessed firearms. See PSR ¶¶ 8, 10, 14. Devine is a known leader in the Bloods gang. Id. ¶ 3. Devine committed the predicate offense — being a felon in possession of a firearm — while on probation for a state-court conviction of possession of a firearm by a felon. Defendant violated the terms of his probation seven times and incurred nine

11

disciplinary infractions while in custody. See id. ¶¶ 8, 10, 14, 16. Time and time again, defendant has been given chances to abide by the law, but has refused. The court finds that criminal history category VI fails to account for the nature and seriousness of defendant's actions. The court also finds that defendant's record reflects recidivism and a near certain likelihood of future recidivism, including recidivism in the form of violent criminal activity.

Having found that Devine's criminal history category is inadequate, the court exercises its discretion under U.S.S.G. § 5K2.0 to depart. The court undertakes the level-by-level approach described in Rusher, 966 F.2d at 884. Because Devine is in criminal history category VI, the court moves vertically down the offense level column to find an appropriate sentencing range. See Dalton, 477 F.3d at 200. In doing so, the court has considered offense levels 30 and 31 and finds that they do not adequately reflect the number, nature, and seriousness of Devine's prior convictions or the likelihood of Devine committing further serious crimes. See, e.g., United States v. Stokes, No. 94-5833, 1995 WL 318566, at *1 (4th Cir. May 23, 1995) (unpublished) (per curiam) (rejecting lower levels due to current offense's similarity to prior offenses); Lawrence, 349 F.3d at 728 (rejecting lower levels due to likelihood of recidivism). Accordingly, the court finds that an upward departure to offense level 32 adequately reflects the seriousness of Devine's record and the likelihood of his committing further serious crimes. Coupling this offense level with a criminal history category VI yields an advisory guideline sentencing range of 210 to 262 months imprisonment. See U.S.S.G. § 5A (sentencing table).

C.

The court next considers whether the resulting advisory guideline sentencing range still does not serve the factors set forth in 18 U.S.C. § 3553(a). See Davenport, 445 F.3d at 370. The court recognizes its obligation to "impose a sentence sufficient, but not greater than necessary, to comply

with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a); see Gall, 128 S. Ct. at 596–97. These purposes include the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2)(A)–(C). Of course, the court has considered, as appropriate, all of the factors set forth in 18 U.S.C. § 3553(a), and all arguments of counsel. The court must select a sentence in light of the section 3553(a) factors, and must adequately explain the rationale for its sentence. See Gall, 128 S. Ct. at 597. A variance sentence outside the advisory guideline range must be supported by a rationale sufficiently compelling to support the extent of the deviation. Id.

Defendant's actions in the instant offense are very serious and harm the community. Defendant knew that as a convicted felon, he was not allowed to possess a firearm. Nevertheless, he did so despite a prior conviction in state court for the same conduct. Defendant has seven felony convictions, including three violent felonies involving firearms. The seven felony convictions include repeated larceny and robbery convictions. See PSR ¶¶ 8, 10, 14. Further, Devine trafficked illegal drugs from his residence, thereby exposing his four-year-old daughter to crime and violence. Devine has had the opportunity as an adult to address his substance abuse problem, but failed to complete court-ordered substance abuse programs on two separate occasions. See PSR ¶¶ 8, 10. Devine's conduct following repeated prior lenient sentences for felonious conduct and his conduct on probation reflect no respect for the law. Indeed, instead of rejecting a criminal lifestyle, Devine became a leader in the Bloods gang. This court finds that Devine (and others like him) will not be deterred absent a lengthy sentence. Both specific and general deterrence are critical in this case, particularly given defendant's gang involvement, offense behavior, lengthy criminal record, and extremely high likelihood of recidivism. This court has seen numerous defendants who violated 18

U.S.C. §§ 922(g)(1) and 924, and finds this case uniquely troubling. The court shall impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct (both as to Devine personally and others like him), and protects the public from further crimes of the defendant. The sentence also will provide ample time for intensive substance abuse treatment.

V.

For the reasons explained above and in open court, defendant Devine is hereby sentenced to a term of 262 months imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Alternatively, the court notes that it would impose the same 262 month sentence as a variance sentence even if it has incorrectly calculated the advisory guideline sentencing range. See United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006) (describing process of announcing post-Booker alternative sentence); cf. United States v. McClung, 483 F.3d 273, 277 (4th Cir. 2007). For the reasons explained above and in open court, the court believes that the alternative variance sentence it has imposed in this case is the sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [the sentencing statute]." 18 U.S.C. § 3553(a); cf., e.g., United States v. Shortt, 485 F.3d 243, 246, 253 (4th Cir. 2007) (holding that upward variance from zero- to six-month advisory guideline range to year-and-a-day sentence was reasonable); McClung, 483 F.3d at 275, 277 (holding that upward variance from 51- to 63-month advisory guideline range to 84-month sentence was reasonable); accord United States v. Vowell, No. 06-5742, __ F.3d __, slip. op. at 1, 5–7 (6th Cir. Jan. 29, 2008) (holding that upward variance from 300-month statutory minimum to 540-month sentence was reasonable); United States v. Gordon, No. 07-1714, __ F.3d __, 2008 WL 141796, at *2–*3, *8 (7th Cir. Jan. 16, 2008) (holding that upward variance from 57- to 71-month advisory guideline range to 96-month sentence was reasonable);

United States v. Klups, No. 06-1931, __ F.3d __, 2008 WL 89949, at *1–*2 (6th Cir. Jan. 10, 2008) (holding that upward variance from 24- to 30-month advisory guideline range to 60-month sentence was reasonable); United States v. Braggs, No. 07-1148, __ F.3d __, 2008 WL 60180, at *1, *4 (8th Cir. Jan. 7, 2008) (holding that upward variance from 15- to 21-month advisory guideline range to 48-month sentence was reasonable).

VI.

The court has imposed this sentence for the reasons discussed herein and the reasons discussed in open court, which are hereby incorporated by reference. This order memorializes the court's previous rulings on defendant's objections to the PSR as announced at defendant's sentencing hearing on September 26, 2007, the court's ruling on defendant's motion to substitute counsel as announced at defendant's sentencing hearing reconvened on October 24, 2007, and the court's rulings and judgment as announced at defendant's sentencing hearing reconvened on January 30, 2008. The court's order is not intended to alter or amend the court's previous rulings or judgment with respect to defendant as announced in open court.

VII.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not illegally possess a controlled substance. The defendant shall not possess a firearm or destructive device. Further, the defendant shall comply with the standard conditions that have been adopted by this court, and the additional conditions announced in open court.

15
Case 5:07-cr-00010-D   Document 40   Filed 01/31/08   Page 15 of 16

<mark>16</mark>

The defendant shall pay to the United States a special assessment of $100, which shall be due immediately. The court finds that the defendant does not have the ability to pay a fine. Therefore, no fine is being imposed. The court advised defendant of his appeal right in open court.

SO ORDERED. This **31** day of January 2008.

*James Dever*
JAMES C. DEVER III
United States District Judge

<mark>Case 5:07-cr-00010-D   Document 40   Filed 01/31/08   Page 16 of 16</mark>