IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-10-D
No. 5:10-CV-91-D

TIMOTHY DEVINE,                    )
                                   )
              Petitioner,          )
                                   )
      v.                           )        **ORDER**
                                   )
UNITED STATES OF AMERICA,          )
                                   )
              Respondent.          )

On June 18, 2007, Timothy Devine ("Devine" or "petitioner") pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924 [D.E. 25]. On January 30, 2008, this court sentenced Devine to 262 months' imprisonment [D.E. 39]. Devine timely appealed [D.E. 36]. The United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Devine, 315 F. App'x 489 (4th Cir. 2009) (per curiam) (unpublished). On March 25, 2010, Devine filed a motion to vacate under 28 U.S.C. § 2255 [D.E. 50]. Devine asserts three grounds for his motion. First, he asserts ineffective assistance of counsel. Specifically, he alleges that his appellate counsel, Scott L. Wilkinson ("appellate counsel"), failed to keep him "informed concerning the status of his appeal," resulting in the deprivation of his right to petition the Supreme Court for a writ of certiorari. Pet'r's Mot. at 4. The other two grounds concern alleged ineffective assistance of trial counsel. Id. at 5, 7.

The government filed its own motion for limited relief on June 24, 2010 [D.E. 55]. In that motion, the government recognizes that the deprivation of the right to counsel in pursuing a writ of certiorari is grounds for post-conviction relief under Wilkins v. United States, 441 U.S. 468 (1979) (per curiam), and Proffitt v. United States, 549 F.2d 910 (4th Cir. 1976). Resp't's Mot. at 2. It also notes the obligations of appellate counsel to provide notice and assistance to a defendant under the

Fourth Circuit's Criminal Justice Act plan ("CJA Plan"). Id. The government was "unable to ascertain whether or not the required notices were delivered to Petitioner in a timely manner." Id. The government does not concede the ineffectiveness of appellate counsel, but seeks, "in an abundance of caution," that the court grant limited relief on the record before it. Id.

Before providing the relief sought by the government, the court must make a factual finding that Devine's appellate counsel was actually ineffective. See United States v. Tejeda-Ramirez, 380 F. App'x 252, 254 (4th Cir. 2010) (per curiam) (unpublished) (district court must make factual finding of ineffectiveness as prerequisite for court of appeals to recall its mandate); United States v. Joseph, 350 F. App'x 814, 815 (4th Cir. 2009) (per curiam) (unpublished) (same).

Here, the government refuses to concede that appellate counsel was ineffective. Therefore, the court can not enter such a factual finding on the record currently before it. Thus, the court DIRECTS that appellate counsel submit an affidavit stating whether he complied with the CJA Plan's requirement that he notify Devine in writing of the result of his direct appeal and of his right to seek discretionary review from the Supreme Court. Cf. United States v. Smith, 321 F. App'x 229, 231–32 (4th Cir. 2008) (per curiam) (unpublished) (describing appellate counsel's obligations under the Fourth Circuit's CJA Plan), vacated on other grounds, 128 S. Ct. 2763 (2009), remanded to 357 F. App'x 518 (4th Cir. 2009) (per curiam) (unpublished).

SO ORDERED. This 12 day of January 2011.

JAMES C. DEVER III
United States District Judge

2