IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-10-D
No. 5:10-CV-91-D

| | | |
|---|---|---|
| TIMOTHY DEVINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 18, 2007, Timothy Devine ("Devine" or "petitioner") pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924 [D.E. 25]. On January 30, 2008, this court sentenced Devine to 262 months' imprisonment [D.E. 39]. Devine timely appealed [D.E. 36]. The United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Devine, 315 F. App'x 489 (4th Cir. 2009) (per curiam) (unpublished). On March 25, 2010, Devine filed a motion to vacate under 28 U.S.C. § 2255 [D.E. 50]. Devine makes three claims. First, he asserts ineffective assistance of appellate counsel. Specifically, he alleges that his appellate counsel, Scott L. Wilkinson ("appellate counsel"), failed to keep him "informed concerning the status of his appeal," resulting in the deprivation of his right to petition the Supreme Court for a writ of certiorari. Mot. to Vacate 4. The other two grounds concern alleged ineffective assistance of trial counsel. Id. at 5, 7. In response, the government filed its own motion for limited relief [D.E. 55].

The government acknowledges that the deprivation of the right to counsel in pursuing a writ of certiorari is grounds for post-conviction relief. See Resp't's Mot. 2 (citing Wilkins v. United States, 441 U.S. 468 (1979) (per curiam) and Proffitt v. United States, 549 F.2d 910 (4th Cir. 1976)); see also United States v. Smith, 321 F. App'x 229, 231–33 (4th Cir. 2008) (per curiam) (unpublished), judgment vacated, 129 S. Ct. 2763 (2009). The government also notes the obligations

of appellate counsel to provide notice and assistance to a defendant under the Fourth Circuit's Criminal Justice Act plan ("CJA Plan"). Resp't's Mot. 2. However, the government was "unable to ascertain whether or not the required notices were delivered to Petitioner in a timely manner." Id.

In light of the government's position, the court directed that appellate counsel submit an affidavit stating whether he complied with the CJA Plan's notice requirement [D.E. 58]. On January 20, 2011, appellate counsel filed a letter with the court, stating that he "do[es] not have and/or cannot locate any document or other record" showing compliance with the CJA Plan, and that "[b]ecause of the length of time since the result of [the] direct appeal . . . [he] do[es] not have any independent recollection of having advised Mr. Devine" as prescribed by the CJA Plan. Wilkinson Aff. 1. Thus, the court finds that appellate counsel violated the CJA Plan.

However, because a defendant has no constitutional right to assistance of counsel when petitioning the Supreme Court for discretionary review, Devine's appellate counsel was not constitutionally ineffective. See, e.g., Strickland v. Washington, 466 U.S. 668, 687 (1984); Ross v. Moffitt, 417 U.S. 600, 617–18 (1974); Carter v. United States, Nos. 3:09cv14, 3:05cr82, 2010 WL 3619252, at *3–5 (W.D.N.C. Sept. 10, 2010) (unpublished). Moreover, because appellate counsel's failure did not violate the Constitution, the court cannot grant Devine's section 2255 petition. See, e.g., Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008); Moscol v. United States, Nos. 5:07-CR-3-01-F, 5:10-CV-93-F, 2010 WL 4704403, at *2 (E.D.N.C. Nov. 12, 2010) (unpublished); Carter, 2010 WL 3619252, at *4–5. Furthermore, although appellate counsel failed to follow the CJA Plan, this court lacks authority to recall and reenter the Fourth Circuit's mandate in order to permit Devine to file a petition for certiorari. See United States v. Tejeda-Ramirez, 380 F. App'x 252, 254 (4th Cir. 2010) (per curiam) (unpublished); Carter, 2010 WL 3619252, at *5–6. Rather, to obtain such a remedy, Devine must file a motion to recall the mandate in the Fourth Circuit. See, e.g., Moscol, 2010 WL 4704403, at *2; Carter, 2010 WL 3619252, at *5.

2

In light of the current procedural posture of this case, the court DISMISSES the section 2255 petition without prejudice in order to permit Devine to file a motion with the United States Court of Appeals for the Fourth Circuit to recall and reenter its mandate. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). Devine is ADVISED that he may wish to file a motion to recall and reenter the mandate with the Fourth Circuit and that he should attach a copy of this order to the motion.

SO ORDERED. This __3__ day of May 2011.

JAMES C. DEVER III
United States District Judge